## Chicago Great Western Railway Co. v. Thomas Mitchell.

1. VERDICTS—*Upon Conflicting Evidence.*—The evidence in this case was to some extent conflicting, yet was such that the jury had a right to find, as it did, that the accident was brought about by the negligence of appellant, and their verdict must stand.

2. NEGLIGENCE—*Not Excused by Co-operating Negligence of Third Party.*—The fact that the owners of a railroad track upon which a col-

lision occurred were also negligent, does not excuse the negligence of another company using such track under an agreement with the owners.

3. AMENDMENTS—*Effect of Failure to Make Actual Correction of Paper.*—An action for personal injuries was brought and a declaration filed against two defendants. Afterward the suit was dismissed as to one of the defendants, and an order made that " all papers and proceedings be and are hereby amended by discontinuing " as to such defendant. *Held,* that the fact that the amendments were not actually made upon the declaration itself did not constitute error.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897.

HENRY A. GARDNER, attorney for appellant.

FRANK SCALES, attorney for appellee; ALBERT M. CROSS, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The Chicago and Northern Pacific Railroad Company owns a railroad terminal in Chicago, which is operated by it under rules, regulations and time tables exclusively its own. The Chicago Great Western Railway Company is a licensee of the Chicago and Northern Pacific Company, and uses the said railroad terminal under the said rules, regulations and time tables of the Chicago and Northern Pacific Company and under its directions.

The plaintiff was injured in the railroad yard which lies just west of the Chicago river and north of 12th street. There are probably 500 engines run in and out of this yard daily. Many trains are made up in this yard preparatory to starting upon their journeys; there is a round-house, and many tracks converging and running into other tracks running parallel to each other.

The plaintiff being, as a carpenter, in the employ of the receivers of the Northern Pacific Railroad Company, was, upon the morning of the accident, taken by it upon one of its engines to be carried to the place where he was to work.

Proceeding along, the engine upon which plaintiff was riding came into collision with an engine of the appellant upon the track of the Northern Pacific Railroad Company, and consequently at a place where both engines should have been running under the rules and regulations of the Northern Pacific Railroad Company.

To avoid being crushed by the collision, plaintiff, immediately before it happened, jumped from the engine upon which he was riding, and thereby sustained injuries on account of which this action was brought.

It is quite evident that the persons in control of each of the engines were at fault. The engine of the Northern Pacific Railroad Company was out of order, its brakes being not in the condition they should have been. This engine was, it appears, running upon a regular time schedule, and would seem to have had the right of way; so that it was the duty of the managers of the engine of appellant to keep out of the way.

The engineer in charge of appellant's locomotive, seeing that a collision was imminent, reversed his engine in such a manner that the wheels revolved rapidly without retarding the engine, as they would have done had the engine not been completely reversed.

It also appears that appellant's engine was carrying at the time but fifty pounds of steam, and consequently did not respond to the efforts of its engineer as it would have done had it been carrying 120 pounds. It is in evidence that it is not safe for an engine to go upon the tracks at the point where this accident occurred with less than from 120 to 140 pounds of steam, in order that it may be able to respond quickly, and so get out of the way of anything likely to come into collision with it.

Appellant's engineer seems to have been negligent in not keeping a proper lookout for the approach of locomotives belonging to the Northern Pacific Railroad Company, as it was his duty to do.

The evidence was to some extent conflicting, yet was such that the jury had a right to find, as it did, that the

accident was brought about by the negligence of appellant. It is quite true that it appears that the receivers of the Northern Pacific Railroad Company, who were then operating such road, were also negligent, but their negligence does not constitute any defense for appellant.

It is very evident that the accident occurred at a place where the engineer of each locomotive was bound to exercise great vigilance and care to prevent a collision.

The evidence warranted the jury in finding that appellant's engineer was negligent.

The action was brought and a declaration filed against both appellant and the receivers of the Chicago and Northern Pacific Railroad Company. Afterward the suit as to the receivers of the Northern Pacific Railroad Company was dismissed, and an order made that "all papers and proceedings be and are hereby amended by discontinuing as to such receivers."

Although such amendment was not actually made upon the declaration itself, yet we think that the record presents no error in that regard.

The fact that the appellee might have recovered against such receivers, and that their negligence was probably greater than that of appellant, constituted no reason for the rendering of a verdict in favor of appellant, and constitutes none for the reversal of the judgment entered against it.

The judgment of the Superior Court is affirmed.